IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CR-16-119-R |
| ) | |
| CHAD NATHAN HUDSON, ) | |
| a/k/a CP, ) | |
| a/k/a Pimp, ) | |
| a/k/a Big Homie, ) | |
| JASMINE RENEE EDWARDS, ) | |
| a/k/a Jasmine Edwards, ) | |
| TYRON LANCE BAKER, ) | |
| a/k/a Tyrone Lance Baker, ) | |
| RANDY LYNN NICHOLS, ) | |
| RICHARD JOSEPH COKER, ) | |
| a/k/a Lucky, ) | |
| CHRISTOPHER PAUL BROWN, ) | |
| a/k/a CB, ) | |
| a/k/a Breezy, ) | |
| RICHARD LEE POTTS, ) | |
| a/k/a Pothead, ) | |
| DAVID DEAN CAGLE, ) | |
| GARY HOLDEN SCHNEIDER, ) | |
| a/k/a Red Fein, ) | |
| a/k/a Red Fang, ) | |
| TENESIA DIANE RODRIGUEZ, ) | |
| a/k/a Tenesia Rosenke, ) | |
| a/k/a Teneshia Diane Dickerson, ) | |
| a/k/a Damian Rosenke, ) | |
| a/k/a Tenesia D. Damian, ) | |
| a/k/a T, ) | |
| AISHA BLISS DONALDSON, ) | |
| RICKY LYNN WOLFE, ) | |
| DEVON ALAN HERRON, ) | |
| ZANE P. YARGEE, ) | |
| DARYL LLOYD IVEY, ) | |
| a/k/a Steve-O, ) | |
| DEREK THOMAS SOETEN, ) | |

| | |
|---|---|
| a/k/a D-Lo, | ) |
| NIKE DEANDRE DAVIS, | ) |
| a/k/a Lavish, | ) |
| MARGIE LEE BARNHILL, | ) |
| AMANDA HEATHER HOLLAND, | ) |
| JEREMY ANTOWAINE TAYLOR, | ) |
| a/k/a JT, | ) |
| EYNER MORA ESPARZA, | ) |
| ROBHINSON RENE GARCIA AGUIRRE, | ) |
| JEFFREY LEE WHITMIRE, | ) |
| a/k/a J Dub, | ) |
| SAVANNAH DAWN GUTHERY, | ) |
| a/k/a Missy, | ) |
| MELISSA DAWN COOPER, | ) |
| a/k/a MC, | ) |
| AMANDA DONNA LOUISE BENTON, | ) |
| a/k/a Mandy Krouse, | ) |
| CIARA RAIN DICKERSON, | ) |
| a/k/a Ciara Coddington, and | ) |
| TAKELIA CHAKE TROUPE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant Zane Yargee filed a Second Motion to Extend Time to File Motions and Continuing Date for Jury Trial (Doc. No. 682). The motion is joined by all remaining defendants, except Daryl Lloyd Ivey, Devon Herron, and Melissa Dawn Cooper. The Court has contacted counsel for Defendant Herron who notes he has no objection to the request. Defendant Cooper has not been arrested and thus is unaffected by this motion. Defendant Ivey filed a Response in Opposition to the Motion. (Doc. No. 692). The motion is not opposed by the Government.

This case originated on June 22, 2016, when the grand jury returned an indictment charging four defendants with seven counts. Through the filing of complaints, superseding and second superseding indictments, the case grew to a total of twenty-eight defendants

and one hundred and fourteen counts. As of this date, sixteen of the twenty-eight defendants have entered pleas of guilty either to a superseding information or to charges for which they were indicted. On October 12, 2016, in light of the number of the Defendants and the number of counts alleged by the United States as of that date, the Court declared the case to be complex and granted the motion of Defendant Yargee to extend the time for the filing of motions and continued the matter to the Court's April trial docket. (Doc. No. 411). The Court noted the enormous volume of discovery produced and yet-to-be produced by the United States, as well as the number of counts and the complex conspiracy alleged to exist amongst certain of the Defendants, concluding that an "end-of-justice" continuance was warranted under 18 U.S.C. § 3161(h)(7).

On December 23, 2016, the United States filed a Motion to Continue the trial from the Court's April 2016 docket to the September 2017 docket. (Doc. No. 526). The Court granted the motion on January 1, 2017. (Doc. No. 547). Mr. Ivey objected to the request, although he did not file a formal opposition thereto. *Id.* The Court noted the voluminous discovery and the changing landscape of the claim by virtue of superseding indictments and the potential for additional superseding indictments. On January 18, 2017, the grand jury returned a Second Superseding Indictment. (Doc. No. 601). Thereafter the instant motion and objection were filed.

> As designed and written, the Speedy Trial Act, 18 U.S.C. § 3161, et seq., serves two important interests: protecting a criminal defendant's constitutional right to a speedy trial and serving the public interest in prompt criminal proceedings. *United States v. Thompson*, 524 F.3d 1126, 1131 (10th Cir.2008). "The Act generally requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later." *United States*

> v. Williams, 511 F.3d 1044, 1047 (10th Cir.2007) (citing 18 U.S.C. § 3161(c)(1)). Because "criminal cases vary widely and ... there are valid reasons for greater delay in particular cases," the Act offers "flexibility" by including "a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006).

*United States v. Martino*, 564 F. Supp. 2d 1268, 1271 (D. Kan. 2008). The Act treats as excludable delays "attributable to one defendants . . . [as] attributable to all co-defendants." *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 915 (10th Cir. 1989). As such, § 3161(h)(7) excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." The basis for this exclusion is the efficient use of resources, both of the prosecution and the judicial system. In his objection defendant Ivey merely notes he has objected to continuances and wishes to go to trial as soon as possible.

The Court considers three factors in assessing whether delay occasioned by a co-defendant is reasonable: (1) whether Defendant is free on bond, (2) whether Defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to "accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Olivo*, 69 F.3d 1057, 1061-62 (10th Cir. 1995). Although Defendant is not on bond, he was being detained in the Oklahoma County Detention Center when he was arraigned in this Court, apparently on what appear to be charges related to this case, which have since been dismissed. Defendant has repeatedly pursued a speedy trial, objecting to each request for continuance, although he has not filed a motion for severance. Finally, the circumstances herein make a

single trial of the Defendants the most efficient use of both prosecution and judicial resources. In light of the allegations of conspiracy allegations, the Court concludes it is likely the United States will rely on a single group of witnesses. Presumably, many of those witnesses will have been co-defendants who have agreed to cooperate with the Government. Furthermore, it does not appear that the United States has not been diligent in providing discovery to the Defendants. The Court finds that the Defendants' request for continuances will not result in unreasonable delay as to warrant denial of the instant motion.

Furthermore, the Speedy Trial Act grants the Court flexibility by ends-of-justice continuances. The Court has reconsidered the factors set forth in § 3161(h)(8)(A) and concludes that any delay resulting from additional continuance of this matter serves the sends of justice, and that continuance outweighs the best interest of the public and Defendant Ivey, and the moving Defendants, in a speedy trial. The United States has informed Defendants that discovery will be forthcoming that exceeds 100 Gigabytes of phone data. Additionally, there will be data from pole cams and aerial surveillance videos. This is in addition to police reports, recorded interviews and witness statements. The United States informed Defendants that more than 55,000 additional pages of discovery will be released shortly. Furthermore, rough transcripts of Title III recordings have just become available to Defendants. The release of additional discovery makes the filing of motions under the current timeline difficult. The Court anticipates a substantial motion practice by counsel once they have had an opportunity to review the Government's discovery. The need for the additional time is self-evident if defense counsel are to render

the type of representation expected, and the Court concludes the additional time requested is excludable time. To conclude the time was not excludable would place Defendants in the untenable position of having to file motions without full knowledge of the evidence against possessed by the United States. The Court finds the need for the proper preparation of the diverse defenses in this complex case outweighs the public or individual right to a speedy trial all as set forth in 18 U.S.C. §3161(h)(7)(B)(i-iv). Thus, the granting of this motion would be in the interests of substantial justice and is fully appropriate in the circumstances.

Accordingly, the trial settings for September 11, 2017, are hereby stricken, as are the deadlines for filing motions under the current scheduling Order. Trial in this action shall commence on February 12, 2018. Counsel for the Government and the defendants will confer and present a new agreed proposed scheduling Order for this Court's review within 10 days consistent with this trial setting.

**IT IS SO ORDERED** this 21st day of February 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE